IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL RIVERA, | § | |
| | § | No. 323, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| KOLAWOLE O. AKINBAYO, | § | C.A. No. N20M-08-059 |
| WARDEN, H.R.Y.C.I, | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted:  March 16, 2021
Decided:  May 5, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)    The appellant, Michael Rivera, filed this appeal from the Superior Court's denial of his petition for a writ of habeas corpus.  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Rivera's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In September 2019, Rivera was charged by indictment with first-degree kidnapping and related offenses.  In November 2019, the Superior Court granted Rivera's second motion for bail reduction and reduced his bail from $200,000 to

$98,000. Jury selection in Rivera's trial was scheduled to begin on March 19, 2020, but was continued by the Superior Court because of the COVID-19 pandemic. A new trial date has not yet been scheduled.

(3) On August 12, 2020, Rivera filed a petition for a writ of habeas corpus in the Superior Court. Rivera alleged, among other things, that (i) his detention is unconstitutional because he is subject to "excessive bail"; (ii) he has not been able to access the law library; (iii) there is no corroborating evidence to support his continued detention, and (iii) the conditions of his detention are harsh and oppressive. The Superior Court denied the petition on September 8, 2020. This appeal followed.

(4) Under Delaware law, the writ of habeas corpus provides relief on a very limited basis.[1] The remedy of habeas corpus is not available to a petitioner who, on the face of court records, is legally held in custody pending felony charges.[2]

(5) Here, Rivera is incarcerated pending his trial on the felony charges referenced above. Rivera's petition for a writ of habeas corpus did not challenge the validity of his commitment to state custody. Instead, Rivera complained about prison conditions and the sufficiency of the evidence against him. On appeal, Rivera reiterates his complaints about the conditions of his confinement. Such claims do

---

[1] *See* 10 *Del. C.* § 6902.
[2] *Haskins v. State*, 1989 WL 47831, at *1 (Del. May 1, 1989).

not provide a basis for habeas corpus relief. Accordingly, the Superior Court correctly dismissed Rivera's petition for a writ of habeas corpus.

NOW, THEREFORE, IT IS ORDERED that the appellee's motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice